# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 14-CR-0170-CVE ) |
| RONNIE DEAN HASKINS, a/k/a Dirty Red, RODNEY LEE BROOMHALL, a/k/a Buddha, | ) ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court are Ronnie Dean Haskins' Unopposed Motion to Declare Case Complex and for Continuance of Trial (Dkt. ## 234, 236) and Defendant Rodney Lee Broomhall's Joinder in Unopposed Motion to Declare Case Complex and for Continuance of Trial (Doc. 234 & 236) (Dkt. ## 248, 249). On November 4, 2014, a grand jury returned an indictment charging 11 defendants with conspiracy to participate in a racketeering enterprise (count one) and drug conspiracy (count two). Defendants Haskins, Rodney Lee Broomhall, and certain other defendants were also charged with committing violent crimes in aid of racketeering activity (counts three and four). All defendants except for Haskins and Broomhall made their initial appearances in this Court in November and December 2014, and each of those defendants has entered a guilty plea. Haskins and Broomhall were facing criminal charges in state court, but they are now in federal custody and have made their appearances in this Court. Haskins and Broomhall are the only remaining defendants who are awaiting trial, and the other nine defendants are scheduled to be sentenced in September and early October 2015. A scheduling order has been entered, inter alia, setting this case for trial as to Haskins and Broomhall on August 17, 2015. Dkt. # 245. The Court previously

declared this matter a complex case due to the volume of discovery and the complex factual and legal issues involved in a multiple defendant conspiracy. Dkt. # 73, at 3-4. Counsel for Haskins and Broomhall request a five month continuance of the jury trial based on their initial review of the discovery materials and the Court's previous finding that such a continuance was reasonable. Dkt. # 234, at 2-3; Dkt. # 248, at 2. Haskins and Broomhall have executed speedy trial waivers (Dkt. ## 246, 251).

Counsel for each defendant states that it will take a substantial amount of time to review the discovery, consult with his client, and prepare a defense, and Haskins and Broomhall ask the Court to declare this matter a complex case under §§ 3161(h)(7)(A) and (h)(7)(B)(ii) of the Speedy Trial Act. Dkt. # 234; Dkt. # 248. These sections permit a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute permits a court to consider whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). A court may also consider whether "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Speedy Trial Act.]" Id. at § 3161(h)(7)(B)(ii). The Tenth Circuit has been clear that an ends

of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

Haskins and Broomhall ask the Court to declare this matter a complex case under the Speedy Trial Act due to the volume of discovery and the complexity of the factual and legal issues involved. The Court previously entered an order declaring this matter a complex case, and the Court takes its previous findings into account when ruling on defendants' motions. See Dkt. # 73. Defendants' request for a continuance is reasonable under the circumstances, considering the amount of discovery and the complex issues of fact and law that counsel for defendants must consider when preparing a defense for their clients in a multiple defendant conspiracy case. The Court must also consider the public's interest in a speedy trial, because the public has an independent interest in the prompt prosecution of criminal matters, even apart from Haskins' interest in receiving a speedy trial. Zedner v. United States, 547 U.S. 489, 501 (2006). The Court finds that strict compliance with the Speedy Trial Act's 70 day deadline would subvert the public's interest in a fair trial of this case.

While the public has a strong interest in a speedy trial of all criminal cases, this interest must be balanced against defendants' interest in having adequate time to prepare for trial. Under these circumstances, defendants' interest in having adequate time to review discovery and prepare for trial outweighs the public's interest in a speedy trial, and the public's interest in a speedy trial will not be subverted by granting defendants' request for a continuance.

**IT IS THEREFORE ORDERED** that Ronnie Dean Haskins' Unopposed Motion to Declare Case Complex and for Continuance of Trial (Dkt. ## 234, 236) and Defendant Rodney Lee Broomhall's Joinder in Unopposed Motion to Declare Case Complex and for Continuance of Trial (Doc. 234 & 236) (Dkt. ## 248, 249) are **granted**. **This case is declared complex**. All deadlines in the scheduling order (Dkt. # 245), including the jury trial set for August 17, 2015, are **stricken**.

**IT IS FURTHER ORDERED** that the scheduling order is amended as follows:

| | |
|---|---|
| Motions due: | December 15, 2015 |
| Responses due: | December 29, 2015 |
| PT/CP/Motions Hearing: | **January 5, 2016 at 10:30 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | January 11, 2016 |
| Jury Trial: | **January 19, 2016 at 9:15 a.m.** |

**IT IS FURTHER ORDERED** that the time from August 17, 2015, inclusive, to January 19, 2016, inclusive, is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 22nd day of July, 2015.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

4